UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| **TOASTIQUE HOLDINGS, LLC,** )<br>)<br>Plaintiff,  )<br>)<br>v.  )<br>)<br>**C&G RESTAURANT HOLDINGS, INC., et al.,** )<br>)<br>Defendants.  )<br>) | Case No. 24-cv-3611 (APM) |

## MEMORANDUM OPINION AND ORDER

Before the court is a motion to compel arbitration and stay proceedings pending arbitration filed by Counter-Defendant Toastique Holdings, LLC and Third-Party Defendants Brianna Keefe, George "Kyle" Izett, and Sean Keefe (collectively, "Toastique"). Toastique's Mot. to Compel Arbitration & Stay Proceedings Pending Arbitration, ECF No. 29 [hereinafter Toastique's Mot.]. Toastique seeks to compel arbitration of the claims asserted by Counter-Plaintiffs C&G Restaurant Holdings, Inc., Carrie Carretta, and Richard Giambastini, Jr. (collectively, "C&G") pursuant to an arbitration provision in the parties' franchise agreement. *Id.* at 2, 5; *see* Defs.' Answer & Affirmative Defenses to Pl.'s Am. Compl. & Countercls./Third-Party Compl., ECF No. 21 [hereinafter C&G's Compl.], at 13–33; Toastique Franchise Agreement, ECF No. 8-2 [hereinafter Franchise Agreement], at 64–65. C&G, in opposition, does not challenge the validity or scope of the arbitration provision. Rather, it contends that Toastique has both forfeited and waived its right to arbitrate by (1) failing to invoke that right at the first available opportunity and (2) acting inconsistently with that right. Defs.' Mem. of Law in Opp'n to Toastique's Mot., ECF No. 33 [hereinafter C&G's Opp'n], at 1–2, 8–11. Because the court holds otherwise, it grants Toastique's motion.

At the threshold, the court acknowledges the unusual posture of this case. The party invoking the right to arbitrate is not often the party that initiated litigation in the first place. Here, however, the arbitration provision at issue contains an express carveout for "any claims or disputes related to or concerning a breach of this Agreement by [C&G] that, under the terms of this Agreement, may entitle [Toastique] to the award of injunctive relief including, but not limited to, [C&G's] violation or purported violation of Article 6 of this Agreement." Franchise Agreement at 64; *see also id.* at 26 ("[C&G] agrees that any violation of these Article 6 covenants and obligations by either [C&G] and/or any Owner(s) will entitle [Toastique] to injunctive relief."). Article 6, in turn, includes a host of noncompete clauses, *see id.* at 24–27, and it is C&G's alleged breach of these clauses that forms the crux of Toastique's complaint, *see* Pl.'s Compl., ECF No. 1 [hereinafter Toastique's Compl.]; Pl.'s First Am. Compl., ECF No. 16 [hereinafter Toastique's Am. Compl.]. Accordingly, Toastique appropriately elected to seek relief in court rather than in arbitration.

*Forfeiture*. The court begins with forfeiture. "Forfeiture is the 'failure to make a timely assertion of a right' and, unlike waiver, entails no element of intent." *Zuckerman Spaeder, LLP v. Auffenberg*, 646 F.3d 919, 922 (D.C. Cir. 2011) (quoting *United States v. Olano*, 507 U.S. 725, 733 (1993)). The assertion of a right is "timely" if it is made "on the record at the first available opportunity"—typically, when a litigant files its response to the complaint. *Id.* That is exactly what Toastique did here. It explicitly invoked its right to arbitrate as an affirmative defense in its Answer to C&G's Counterclaims and Third-Party Complaint, ECF No. 28 at 16, and it contemporaneously filed its Motion to Compel Arbitration and Stay Proceedings Pending Arbitration, ECF No. 29. What's more, this case is in its early stages. Toastique's invocation comes just over two months into this litigation and before discovery has commenced. In light of these undisputed facts, the court cannot say that Toastique forfeited its right to arbitrate C&G's claims against it. *See*

2

*Zuckerman Spaeder*, 646 F.3d at 923 ("A [party] who delays seeking a stay pending arbitration until after his first available opportunity might still prevail on a later stay motion provided his delay did not prejudice his opponent or the court."); *Flynn v. Omni Hotels Mgmt. Corp.*, No. 19-cv-1239 (CJN), 2020 WL 1643659, at *6 (D.D.C. Apr. 2, 2020) ("[C]ourts typically find that litigants have forfeited their right to arbitration only when they seek to compel arbitration after substantial litigation has progressed and the parties have incurred real costs.").

*Waiver*.  Waiver, in contrast to forfeiture, refers to a party's "intentional relinquishment or abandonment of a known right." *Zuckerman Spaeder*, 646 F.3d at 922 (quoting *Olano*, 507 U.S. at 733).  "The right to arbitration, like any contract right, can be waived." *Nat'l Found. for Cancer Rsch. v. A.G. Edwards & Sons, Inc.*, 821 F.2d 772, 774 (D.C. Cir. 1987).  "The essential question is whether, under the totality of the circumstances, the [party seeking a stay] has acted inconsistently with the arbitration right." *Id.*  "A finding of prejudice is not necessary in order to conclude that a right to compel arbitration has been waived, although 'a court may consider prejudice to the objecting party as a relevant factor' in its waiver analysis." *Khan v. Parsons Glob. Servs., Ltd.*, 521 F.3d 421, 425 (D.C. Cir. 2008) (quoting *Nat'l Found.*, 821 F.2d at 777); *accord Morgan v. Sundance, Inc.*, 596 U.S. 411, 416–17 (2022) (holding that courts may not condition a waiver of the right to arbitrate on a showing of prejudice).[1]

C&G argues that Toastique acted inconsistently with its arbitration right by (1) filing this lawsuit in response to C&G's Demand for Arbitration; (2) seeking monetary damages in addition

---

[1] Toastique applies Nevada law in arguing that it has not waived its right to arbitrate.  Toastique's Reply Mem. in Supp. of Mot. to Compel Arbitration & Stay Proceedings Pending Arbitration, ECF No. 35, at 6; *see* Franchise Agreement at 63 (stating that the agreement is governed by Nevada law).  The law is unsettled, however, as to whether courts should look to federal or state law when deciding this question.  *See Morgan*, 596 U.S. at 416–17 (acknowledging dispute as to whether federal or state law applies when analyzing a claim that a party waived its right to arbitrate and assuming without deciding that federal law governs).  Because Nevada law and federal law are substantially the same, this court declines to resolve that issue here.  *See U.S. Home Corp. v. Medina*, 464 P.3d 402 (Nev. 2018) ("Waiver may be shown when the party seeking to arbitrate (1) knew of its right to arbitrate, (2) acted inconsistently with that right, and (3) prejudiced the other party by its inconsistent acts." (citations omitted)).

3

to injunctive relief in its original complaint, *see* Toastique's Compl. at 19; (3) seeking "[a] declaration that any arbitration between the parties is stayed pending the outcome of this action" in both its original and operative complaints, *see* Toastique's Compl. at 20; Toastique's Am. Compl. at 21; and (4) waiving the mediation requirement in the parties' franchise agreement, *see* Franchise Agreement at 63–64. C&G's Opp'n at 10. None of these arguments pass muster.

With respect to the first, the franchise agreement specifically permits Toastique to sue for injunctive relief without running afoul of the arbitration provision. Franchise Agreement at 64. As to the second, while the relief initially sought by Toastique fell outside that exception, Toastique subsequently amended its complaint as a matter of course, before C&G's response deadline, to remove its request for monetary damages. *Compare* Toastique's Compl. at 19–20, *with* Toastique's Am. Compl. at 21. C&G identifies no prejudice suffered as a result of this amendment, and the court sees none.

Turning to C&G's third argument, Toastique's request to stay arbitration applies only to the claims alleged in its operative complaint—i.e., its claims for injunctive and declaratory relief. In other words, Toastique wishes "to bring its injunctive claims in this lawsuit" and "arbitrate both its own remaining claims and C&G's claims." Toastique's Reply Mem. in Supp. of Mot. to Compel Arbitration & Stay Proceedings Pending Arbitration, ECF No. 35, at 2. C&G may question the wisdom of that decision, *see* C&G's Opp'n at 9 n.3, but the agreement by which it is bound plainly authorizes the litigation of some claims in court while mandating the arbitration of others.

C&G's final argument fares no better. For starters, C&G points to no caselaw holding that a waiver of mediation constitutes a waiver of arbitration. In any event, the mediation provision itself exempts claims for injunctive relief at Toastique's election, Franchise Agreement at 64, and the franchise agreement overall contains a non-waiver provision, *id.* at 62, the enforceability of

4

which C&G does not challenge. Against this backdrop, there is no basis for concluding that Toastique intentionally relinquished or abandoned its right to arbitrate C&G's claims against it.

For the foregoing reasons, the court grants Toastique's Motion to Compel Arbitration and Stay Proceedings Pending Arbitration, ECF No. 29. C&G's claims must proceed in arbitration while Toastique's claims for injunctive and declaratory relief may properly proceed in this court.

Dated: May 20, 2025

Amit P. Mehta
United States District Judge