# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| **TOASTIQUE HOLDINGS, LLC,** | ) ) ) | |
| **Plaintiff,** | ) ) ) | |
| v. | ) ) ) | Case No. 24-cv-03611 (APM) |
| **C & G RESTAURANT HOLDINGS, INC. et al.,** | ) ) ) ) | |
| **Defendants.** | ) ) ) | |

## ORDER

Before the court is Plaintiff Toastique Holdings, Inc.'s Opposed Motion for Voluntary Dismissal Without Prejudice, ECF No. 56 [hereinafter Pls.' Mot.], which seeks voluntary dismissal of Plaintiff's Amended Complaint, ECF No. 16, without prejudice pursuant to Federal Rule of Civil Procedure 41(a)(2). Defendants C & G Restaurant Holdings, Inc., Carrie M. Carretta, and Richard L. Giambastini, Jr. oppose the motion, arguing that the Amended Complaint should be dismissed *with* prejudice to prevent Plaintiff from forum-shopping and that any dismissal should include an award of attorneys' fees and costs to Defendants. *See* Defs.' Opp'n to Pls.' Mot., ECF No. 57 [hereinafter Defs.' Opp'n]. For the reasons explained below, Plaintiff's motion is granted.

Under Rule 41(a)(2), "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." The D.C. Circuit has explained that "[t]he purpose of the 'terms and conditions' clause is to protect a defendant from any prejudice or inconvenience that may result from a plaintiff's voluntary dismissal." *GAF Corp. v. Transamerica Ins. Co.*, 665 F.2d 364, 367 (D.C. Cir. 1981) (citations omitted).

Defendants contend that dismissal with prejudice will protect them from the prejudice and inconvenience they will suffer from Plaintiff's ongoing "gamesmanship." *See* Defs.' Opp'n at 1. They refer to the sequence of procedural events prior to the instant motion to dismiss, whereby Plaintiff initiated this lawsuit seeking injunctive relief and damages, filed an Amended Complaint, lost its motions for a TRO and preliminary injunction, answered Defendants' counterclaims, and then sought and obtained compelled arbitration of those same counterclaims, as evidence that Plaintiff has been forum-shopping to attempt an "end-run on a final judgment on the merits" of its claims in court. *Id.* at 7–8.

The court does not see it that way. The court previously acknowledged the "unusual posture" of this case where Plaintiff sought arbitration of counterclaims after initiating this litigation. *See* Mem. Op. & Order, ECF No. 46. Nevertheless, the court found that the franchise agreement to which the parties were bound permitted Plaintiff's claims for injunctive relief only to stay in court while Defendants' counterclaims proceeded in arbitration. *Id.* Moreover, Plaintiff initially filed the lawsuit because it perceived that Defendants' then-alleged violation of the franchise agreement created an exigency warranting immediate judicial intervention. Pls.' Reply Mem. in Supp. of Pls.' Mot., ECF No, 58, at 2. Because no such exigency now exists—Defendants apparently have ceased operating a competing restaurant and have no future intention to do so, *id.*—Plaintiff no longer needs the injunction it initially sought, *id.* at 2–3.

Plaintiff now moves to dismiss without prejudice to focus on its dispute with Defendants in arbitration. *See* Pls.' Mot. ¶ 12. Defendants do not disagree that the issues in arbitration "involve questions of law and fact common or intertwined with those that underlie Plaintiff's claims in this litigation." *See id.* A dismissal without prejudice is therefore proper to avoid the potential preclusive effect a dismissal with prejudice may have on the issues currently in

2

arbitration. *Cf. Givens v. Bowser*, 111 F.4th 117, 122 (D.C. Cir. 2024) ("[A]s a general rule, claims dismissed without 'an adjudication on the merits' should be dismissed 'without prejudice,' rather than with prejudice." (citation omitted)).

Finally, the court denies Defendants' request for attorneys' fees and costs, because the request was not made by motion as required by Federal Rule of Civil Procedure 54(d)(2) and Local Civil Rule 54.2(a).

For the foregoing reasons, Plaintiff's Opposed Motion for Voluntary Dismissal Without Prejudice, ECF No. 56, is granted. Plaintiff's Amended Complaint, ECF No. 16, is hereby dismissed without prejudice. The case remains stayed as to Defendants' counterclaims pending arbitration. Defendants shall file a Status Report by July 2, 2026, which updates the court on the status of the arbitration proceedings.

Dated: January 2, 2026

Amit P. Mehta
United States District Judge